[Civil No. 845.   Filed March 26, 1904.]

[76 Pac. 467.]

## UNITED STATES OF AMERICA, Plaintiff and Appellant, v. WILLIAM K. MEADE, et al., Defendants and Appellees.

1. BONDS—EVIDENCE.—In an action against the principal and co-obligors on the bond of a United States marshal, the trial court properly refused to receive as proof of the liability of the sureties the pleadings, record, and judgment in an action in the court of claims, wherein the United States had secured judgment against the marshal, there being nothing contained therein tending to show that the items for which the judgment had been rendered against the marshal were for items chargeable against him during the life of the bond.

2. SAME — PLEADING — EVIDENCE. — Where the complaint against the sureties on a United States marshal's bond alleged that the United States obtained judgment against the marshal for a certain amount advanced by the government to him during the life of the bond, and that this had not been paid, and prayed judgment for this amount, the plaintiff was limited in the proof properly adducible by it as against the defendants to such proof as would establish a judgment as pleaded in the complaint, and no evidence of liability under the bond independent of the judgment was admissible.

APPEAL from a judgment of the District Court of the First Judicial District.   George R. Davis, Judge.   Affirmed.

Affirmed on rehearing. Opinion 9 Ariz., 80 Pac. 326.

The facts are stated in the opinion.

Frederick S. Nave, United States Attorney, and John H. Campbell, Assistant United States Attorney, for Appellant.

Barnes & Martin, Thomas Mitchell, and Ben Goodrich, for Appellees.

KENT, C. J.—The complaint of the United States, the plaintiff in the court below, alleged that the defendant Meade and other defendants, as co-obligors, executed on the twenty-first day of August, 1886, a bond to the United States in the sum of twenty-five thousand dollars, for the faithful performance by the defendant Meade of his duties as marshal of the United States for Arizona; that on the twenty-eighth day of May, 1890, Meade filed his petition in the court of claims of the United States, praying judgment for sums claimed to be due him from the government for services rendered by him as marshal; that to this petition the government filed a counterclaim, and on December 3, 1900, the court of claims rendered its judgment dismissing the petition of the claimant Meade, and rendering judgment against Meade and in favor of the government on its counterclaim for the sum of $2,470.32; that the sum so found to be due the government from Meade by the judgment of the court of claims represented money which had come into the hands of Meade as marshal by reason of advances made to him by the government under the bond set out in the complaint, and under bonds previously given by Meade; that, of the amount so found to be due the government, the sum of $572 was advanced by the government during the period covered by the bond set out in the complaint, and while said bond was in force and effect; and that the money had not been paid by Meade to the government, whereby the bond had become forfeited. The complaint prayed judgment against the defendants for the sum of $572. The answers interposed by the defendants, the co-obligors on the bond, contained a general denial of the allegations of the complaint, and affirmative allegations that they were not parties to the suit in the court of claims; that a settlement of the accounts of the defendant Meade had been

had; and that full payment had been made by Meade of all sums due from him to the government. At the commencement of the trial of the action, on motion of the plaintiff the action was dismissed as against the defendant Meade, leaving the action remaining against his co-obligors on the bond. The plaintiff called as a witness the defendant Meade, against whom the action had been dismissed, who testified that he was marshal of the United States for Arizona from August 21, 1886, to March 17, 1890; that at the expiration of his term of office he had had a settlement of his account with the government. The plaintiff then offered in evidence a certified copy of the judgment of the court of claims set up in the complaint. The court sustained the objection of the defendants to the introduction of the document in evidence. The plaintiff then offered in evidence what was termed certified transcripts of the record in the case in the court of claims in which the judgment had been rendered, to which offer the court sustained the objection of the defendants. The plaintiff then offered in evidence the same documents, but in the inverse order, to which offer the same ruling was made by the court. The plaintiff then offered in evidence a transcript of the accounts of Meade as marshal, which was also excluded by the court. The plaintiff thereupon rested, and on motion of the defendants a verdict for the defendants was directed by the court. From a judgment entered thereon, the plaintiff appeals to this court.

The question presented for our consideration by this appeal is whether the trial court erred in rejecting the documentary evidence offered by the plaintiff. The cause of action set forth in the complaint is for a breach of the bond, in the failure of Meade to account for moneys in his hands adjudged to be due from Meade to the government. If the government had obtained a judgment against Meade, based on his failure, within the life of the bond, in that respect such a judgment is clearly admissible in evidence in an action by the government against his co-obligors on the bond, as proof of the breach of the condition. *Moses* v. *United States,* 166 U. S. 571, 17 Sup. Ct. 682, 41 L. Ed. 1119. In the case at bar the judgment offered by the plaintiff was entitled, "William K. Meade *v.* The United States," and decreed "that the defendants, the United States, do have and recover on their

counterclaim the sum of $2,470.32 of and from the said William K. Meade, the claimant." On the face of the judgment, therefore, there was nothing to show that it in any way related to the accounts of Meade as marshal, or had any reference to any moneys in his hands, or anything to do with the bond sued on, or with the subject-matter of the action. As offered, therefore, it was properly rejected. The plaintiff then offered in evidence what were termed, as appears from the abstract before us, "certified transcripts of the record in the case of William K. Meade *v.* The United States." Although the record is not at all clear, we judge from the brief of the appellant and from the fact that no such documents as described are to be found among the original papers in the case or in the abstract; that the document offered was the one apparently subsequently marked "Exhibit E for Identification," which was in fact a certified copy of the pleadings in a case in the court of claims bearing the same title and number as the judgment previously offered in evidence. If it be assumed that the document offered contained the pleadings in the same case in the court of claims as that in which the judgment was entered, they sufficiently show that the action related to claims and counterclaims growing out of Meade's office as marshal of Arizona. The copies of these pleadings and of the judgment based thereon, inasmuch as we do not agree with the contention of the appellee that they were not duly certified, were therefore properly admissible in evidence, provided they related to matters within the life of the bond sued on in this action. The bond sued on here was dated August 21, 1886. It appears that prior thereto Meade had been in office as marshal under other bonds covering such prior period. If, therefore, the pleadings on which the judgment of the court of claims was based do not show that the counterclaim of the government for which the judgment against Meade was entered was for items and moneys covered by the life of the bond sued on here, but covered a period not embraced by the life of the bond, the judgment and the pleadings were properly excluded by the trial court.

The pleadings sought to be introduced were—1. The petition of the claimant, Meade, filed May 28, 1890; 2. This request for findings of fact, filed February 16, 1892; and 3. The

defendant's plea of counterclaim, filed September 30, 1898;
the latter containing (a) bill of particulars, (b) proof, (c)
auditor's letter.  The petition sets forth a claim for com-
pensation for various services as marshal, all rendered prior
to the date of the bond sued on; the dates being also shown
by the findings requested by the claimant.  The plea of
counterclaim states that in the settlement of the claimant's
accounts he was illegally credited with the sum of $2,470.32,
for which the government prayed judgment.  No dates at all
are given in the plea of counterclaim itself.  The bill of par-
ticulars attached to the counterclaim, giving the items making
up the government's counterclaim, showed that $684.20 of
the illegal credits were for services rendered in November,
1885, and that $1,046.12 were for services rendered in Feb-
ruary, 1886.  The balance of the counterclaim—to wit, $740—
was for "fees for serving 185 warrants of commitment, at
$4 each, as shown by report from the auditor for the state
and other departments, dated September 26, 1898, and filed
herewith." 'No dates being given.  This report of the auditor
of state gives a number of items for service of writs of com-
mitment, making up the total of $740, but in no instance is
any date given, or any data of any kind from which it can
even be inferred that the items, or any of them, are embraced
within a period of time covered by the life of the bond.  The
part of the counterclaim designated as the "proof" is merely
a statement by an assistant attorney in the attorney-general's
office that "the transcript of the marshal's accounts certified
on October 10, 1890, which are too voluminous to be printed,
show that the claimant was credited" with the amount claimed
in the counterclaim in the settlement of his accounts.  Inas-
much as there is nothing in the pleadings, the counterclaim,
or the judgment in the case in the court of claims tending
,to show that the items for which the government recovered
judgment against Meade were in fact for items chargeable
to him within the life of the bond sued on here, and no other
portion of the record or judgment-roll in that case being
offered, we think the trial court committed no error in
refusing to receive these documents in evidence as proof of
any liability on the part of Meade's co-obligors upon the bond.

The appellant also urges that the trial court was in error
in rejecting the transcript of the accounts of Meade as mar-

shal offered in evidence by the plaintiff. The certificate attached thereto is dated October 28, 1901, and such date shows that it was not the transcript of the accounts referred to in the "proof" attached to the counterclaim in the suit in the court of claims. It was therefore not a part of the record in that case upon which the judgment therein was founded, and could not properly be received by the court below in connection therewith. But the appellant contends that this transcript of the accounts should have been received in evidence apart and distinct from the judgment of the court of claims, and as independent proof of the liability of the defendants under the bond for the failure of Meade to account for the $572 demanded. From an examination of the items referred to by appellant's counsel in his brief as the items in the transcript of the account relied upon by him to prove the indebtedness of Meade to the government, we are inclined to doubt the sufficiency of the proof offered to establish the facts desired; but, in any event, we think, under the pleadings in the case, the plaintiff was limited in the proof properly adducible by it as against the defendants, the co-obligors on the bond with Meade, to such proof as would establish a judgment against Meade, rendered for a failure to account during the life of the bond to the government for moneys due it as alleged in the complaint. The transcript of accounts offered has no connection with the judgment pleaded in the complaint, and was not within the issues raised by the pleadings, and was therefore properly excluded by the trial court.

The judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.